IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| | ) | Civil Action No. 3:21-cv-579 |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | JURY TRIAL DEMAND |
| BAUMANN FARMS, LLP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to
correct unlawful employment practices and provide appropriate relief to two women (hereinafter
"Claimants"), and a class of similarly situated female employees who were adversely affected by
such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or
"Commission") alleges that Baumann Farms, LLP. ("Defendant") discriminated against the
Claimants when it subjected them to a hostile work environment based on sex and terminated
their employment. The EEOC also alleges that Defendant terminated the Claimants' employment
in retaliation for engaging in protected activity when they opposed the sexual harassment. In
addition, the EEOC alleges that Defendant subjected a class of similarly situated female
employees to a hostile work environment based on sex. Finally, the EEOC alleges that Defendant
has an English-only policy that discriminates against non-English speaking Hispanic employees
based on national origin. All of Defendant's actions were in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3.  Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a corporation doing business in the State of Wisconsin and the City of Wausau. Defendant has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e-(b).

## ADMINISTRATIVE PROCEDURES

7.  More than thirty days prior to the institution of this lawsuit, Lotus Legal Clinic, Inc. filed an EEOC Charge of Discrimination on behalf of a class of female agricultural workers which included the Claimants alleging violations of Title VII by Defendant.

8.  On February 12, 2021, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant subjected a class of female agricultural workers including the Claimants to a hostile work environment based on sex and terminated their employment. The EEOC also found reasonable cause to believe that Defendant terminated the employment of a class of female agricultural workers including the Claimants in retaliation for engaging in protected activity when they opposed the sexual harassment. The EEOC also found reasonable cause to believe that Defendant subjected Hispanic employees to national origin discrimination because Defendant maintains an English-only policy which violates Title VII. The Letter of Determination invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.  The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure a conciliation agreement acceptable to the EEOC and Defendant and on June 16, 2021, the EEOC issued Defendant a Notice of Failure of Conciliation.

11.  All conditions precedent to the institution of this suit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

12.   Defendant is one of the largest ginseng growers and producers in the Midwest and operates a 500-acre farm owned by the Baumann family since 1978.

13.  Since at least April 1, 2018, Defendant engaged in unlawful employment practices at its facilities in Wisconsin in violation of Title VII.

14.  Defendant delegated control and authority of the day-to-day work activities of the agricultural workers including the Claimants to the Supervisor. Defendant also delegated responsibility for recruiting and hiring of agricultural workers including the Claimants to the Supervisor. The Supervisor also had authority to recommend termination of agricultural workers, including the Claimants, to Defendant and Defendant routinely accepted the Supervisor's recommendations.

15.  The Claimants were subjected to sexual harassment by the Supervisor from at least April 1, 2018. The harassment was both verbal and physical. In separate incidents and on more than one occasion, the Supervisor requested sex from the Claimants. In separate incidents and on more than one occasion, the Supervisor sent nude photographs including photographs of his penis to the Claimants. The Supervisor also touched, grabbed and hugged the Claimants. The Supervisor made sexual comments to the Claimants and other female workers. The Supervisor also made sex-based derogatory comments to the Claimants and other female workers. The Supervisor's conduct was severe or pervasive. The Supervisor's conduct was unwelcome and created a hostile work environment based on sex that was both objectively and subjectively offensive to the Claimants and other female workers.

16.  Defendant is vicariously liable for the sexual harassment that was committed by the Supervisor who had immediate authority over the Claimants and other female workers.

17. The Claimants opposed the Supervisor's sexual harassment and objected to his sexual advances and conduct. The Claimants threatened to report his conduct to Defendant.

4

18.   The Supervisor terminated the Claimants' employment on or about August 8, 2019 in response to the Claimants' opposition to the sexual harassment. Defendant approved the termination.

19.   The Claimants' opposition to the sexual harassment by the Supervisor was protected activity. The Supervisor terminated the Claimants' employment in retaliation for their opposition. Defendant approved the termination.

20.   Since at least April 1, 2018, Defendant has implemented and maintained an English-only policy where non-English speaking employees must speak English in Defendant's presence or over radio/phone communications.

21.   Defendant's English-only policy discriminates against non-English speaking Hispanic employees based on national origin and is not justified by business necessity.

22.   The effects of the practices complained of in paragraphs 13-19 above, has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees on the basis of sex and/or in retaliation in violation of Title VII.

23.   The effects of the practices complained of in paragraphs 13-19 above, has been to deprive a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees on the basis of sex and/or in retaliation in violation of Title VII.

24.   The effects of the practices complained of in paragraphs 20-21 above, has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees on the basis of national origin in violation of Title VII.

25.   The effects of the practices complained of in paragraphs 20-21 above, has been to

5

deprive a class of similarly situated Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees on the basis of national origin in violation of Title VII.

26.  The unlawful employment practices complained of in paragraphs 13-21 above were and are intentional.

27.  The unlawful employment practices complained of in paragraphs 13-21 above were done with reckless indifference to the federally protected rights of the Claimants and a class of similarly situated female employees and Hispanic employees.

PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex and national origin. Also grant a permanent injunction prohibiting Defendant from discriminating against any individual for engaging in protected activity under Title VII or for opposing practices made unlawful by Title VII or for participating in this lawsuit;

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and national origin, and which eradicate the effects of its unlawful employment practices;

C.  Order Defendant to make whole the Claimants by providing appropriate back pay with prejudgment interest and a tax component award, in amounts to be determined at trial,

reinstatement or front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

     D.  Order Defendant to make whole the Claimants and a class of similarly situated employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices including loss of personal property, medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial;

     E.  Order Defendant to make whole the Claimants and a class of similarly situated employees by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

     F.  Order Defendant to pay the Claimants and a class of similarly situated employees, punitive damages for its malicious and/or recklessly indifferent conduct in amounts to be determined at trial;

     G.  Grant such further relief as this Court deems necessary and proper in the public interest; and

     H.  Award the EEOC its costs in this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by the Complaint.

                Gwendolyn Young Reams
                Acting General Counsel
                Equal Employment Opportunity Commission
                131 M Street, N.E., 5th Floor
                Washington, D.C.  20507

*s:/Gregory Gochanour*
Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov


*s:/Deborah Hamilton*
Deborah Hamilton
Supervisory Trial Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: deborah.hamilton@eeoc.gov


*s:/Tina Burnside*
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7319
Facsimile: (612) 335-4044
Email: tina.burnside@eeoc.gov


*s:/Leslie N. Carter*
Leslie N. Carter
Trial Attorney
EEOC Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
Telephone: (414) 662-3711
Facsimile: (414) 297-3146
Email: leslie.carter@eeoc.gov