UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  ) | |
| ) | |
| ) | Civil Action No. 3:21-cv-00579-jdp |
| Plaintiff,  ) | |
| ) | **CONSENT DECREE** |
| v.  ) | |
| ) | |
| BAUMANN FARMS, LLP.,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant Baumann Farms, LLP., ("Defendant"), *EEOC v. Baumann Farms, LLP.*, Civil Action No. 3:21-cv-00579-jdp, alleging that Defendant discriminated against two women (hereinafter "Claimants") when it subjected them to a hostile work environment based on sex and terminated their employment. The EEOC also alleged that Defendant terminated the Claimants' employment in retaliation for engaging in protected activity when they opposed the sexual harassment. In addition, the EEOC alleged that Defendant subjected a class of similarly situated female employees to a hostile work environment based on sex. Finally, the EEOC alleged that Defendant has an English-only policy that discriminates against non-English speaking Hispanic employees based on national origin. The EEOC alleged all of Defendant's actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

In reaching this Consent Decree, the EEOC and Defendant, acting by and through their counsel, engaged in negotiations and an exchange of information. The parties have obtained sufficient information to assess reliably the relative merits of the claims and defenses.

1

Throughout this process, the EEOC and Defendant were represented by counsel knowledgeable in this area of the law.

THEREFORE, upon the consent of the parties, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## I.       JURISDICTION

**A.**      This Court has jurisdiction over the parties and the subject matter of this action.

**B.**      No party shall dispute that the Court has jurisdiction to enter all orders, judgments, and decrees that may be necessary to implement the relief and enforce compliance with this Decree.

## II.      FINDINGS

**A.**      The purposes of the Title VII and the public interest will be furthered by the entry of this Decree.

**B.**      The terms of this Decree constitute a fair and equitable settlement of this action.

## III.     SCOPE

The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Lotus Legal Clinic underlying this lawsuit. By entering into this Decree the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the Complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

## IV.      DEFINITIONS

As used herein, "Baumann Farms" shall mean Defendant's business located in the State

of Wisconsin and the Town of Wausau.

## V.    TERM

The Term of this Decree and all obligations hereunder shall be three (3) years from the Effective Date hereof. The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

## VI.    INJUNCTION

Baumann Farms, LLP., and its officers, agents, management (including supervisory employees), successors and assigns shall not engage in harassment or discrimination against any person based on sex.

Baumann Farms, LLP., and its officers, agents, management (including supervisory employees), successors and assigns shall not engage in retaliation against any person because such person opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

Baumann Farms, LLP., and its officers, agents, management (including supervisory employees), successors and assigns shall not implement or maintain an English-only policy requiring employees to speak English in Defendant's presence or over radio/phone communications. Baumann Farms shall not implement or maintain any English-only policy that is not justified by business necessity.

## VII.    EMPLOYMENT REFERENCE

Baumann Farms, LLP., will provide a neutral employment reference for the Claimants. When providing reference check information, Defendant will provide prospective employers

with information about the Claimants' dates of employment, job titles, and last wage rate.

## VIII.   EXTERNAL AND INTERNAL EEO MONITORS

    **A.**    Within sixty (60) days of the Effective Date of this Decree, Defendant shall retain an External Equal Employment Opportunity Monitor ("EEO Monitor") to provide guidance and oversight to Defendant's Internal Equal Employment Opportunity Coordinator ("Internal Coordinator") in monitoring Defendant's compliance with this Decree and Title VII's prohibition against sexual harassment, national origin discrimination and retaliation. The EEO Monitor's responsibilities shall be to:

1. Provide guidance and oversight of the Internal Coordinator with respect to the reviewing and revision of Defendant's policy against sexual harassment and retaliation, content of the training materials, and effectiveness of trainings;

2. Refer and monitor complaints to the Internal Coordinator for further investigation;

3. Monitor and review the Internal Coordinator's investigations of sexual harassment and retaliation complaints;

4. Monitor and review the Internal Coordinator's EEO compliance audits and interviews/surveys.

5. Recommend any changes to Defendant concerning its compliance with this Decree and ensure that such changes are implemented by Defendant. The EEO Monitor shall have access to all documents related to compliance with this Decree upon the Monitor's request.

6. Provide the EEOC with a report, annually throughout the term of this Decree beginning one year from the Decree's Effective Date, verifying Defendant's compliance with the terms of this Decree, Defendant's implementation of any

recommended changes concerning Defendant's compliance with this Decree and the EEO Monitor's compliance with their responsibilities as set forth in this Decree.

Defendant shall bear all costs associated with the selection and retention of the EEO Monitor and the performance of their duties. The EEO Monitor shall have demonstrated experience in equal employment opportunity law, including sexual harassment, national origin discrimination and retaliation. The EEO Monitor must be conversant in both Spanish and English or have access to a certified Spanish interpreter. The EEO Monitor shall be subject to the EEOC's approval. If the EEOC does not approve of Defendant's initial selection, the EEOC shall provide Defendant with a list of three (3) candidates acceptable to the EEOC as an EEO Monitor.

**B.** Within sixty (60) days of the Effective Date of this Decree, Defendant shall designate an Internal Coordinator to ensure Defendant's compliance with this Decree and the provisions of Title VII that prohibit sexual harassment, national origin discrimination and retaliation. Defendant shall bear all costs associated with the selection and retention of the Internal Coordinator and the performance of their duties. The Internal Coordinator shall be hired to work for Defendant for the term of the Decree, to be onsite at Defendant's Wausau agricultural property at least one day per week, have demonstrated experience in equal employment opportunity law, including sexual harassment, national origin discrimination and retaliation. The Internal Coordinator must be conversant in both Spanish and English or have access to a certified Spanish interpreter. The Internal Coordinator shall be subject to the EEOC's approval. If the EEOC does not approve of Defendant's initial selection, the Defendant will make another selection until the EEOC approves. The EEOC's agreement will not be unreasonably withheld. The Internal Coordinator's responsibilities, with oversight by the EEO Monitor, shall include:

5

1. Ensuring that Defendant's procedures to handle complaints of sexual harassment, national origin discrimination and retaliation comply with its obligations under Title VII and this Decree;

2. Ensuring that Defendant reviews with the EEO Monitor Defendant's workplace policies and procedures relating to sexual harassment, retaliation and national origin discrimination and revises any policies inconsistent with Title VII, and that both Spanish and English versions of all policies are distributed to all employees at the start of each growing season, or upon the date of their hire, whichever occurs last;

3. Ensuring that Defendant eliminates and/or ceases the use of any and all English-only policies and/or practices which require non-English speaking employees to speak English in the presence of Defendant's owners, managers and supervisors or over radio or phone communications where such English-only policy is not justified by business necessity;

4. Ensuring that all employees are trained, with live Spanish translation provided, on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of sexual harassment, national origin discrimination and retaliation;

5. Ensuring that all employees are trained, with live Spanish translation provided, on Defendant's policies and procedures relating to sexual harassment, national origin discrimination and retaliation;

6. Conducting audits, as described in Section XII below, to ensure that Defendant's managers and supervisors are held accountable and to reinforce Defendant's policies in prohibiting sexual harassment and retaliation against employees under Title VII,

and reporting the findings of such audits to the EEO Monitor and the EEOC;

7. Conducting interviews and/or surveys of Defendant's employees to follow-up on any identified claims of sexual harassment and/or retaliation, and reporting the findings of such interviews and/or surveys to the EEO Monitor and the EEOC;

8. Conducting investigations on all complaints of sexual harassment, national origin discrimination and/or retaliation and ensuring that such investigations are conducted in compliance with Title VII;

9. Ensuring that Defendant creates, implements and maintains a complaint procedure process that allows employees to submit complaints in their primary language and explicitly identifies who sexual harassment and retaliation complaints should be made to, the investigation process, and what actions will be taken in response to complaints.

10. Ensuring that Defendant communicates with complainants in their primary language about the complaint procedure, status of the complaint investigation, results of the investigation, and if any remedial action was taken;

11. Ensuring that Defendant's reports required by this Decree are accurately compiled and timely submitted;

12. Reviewing and revising Defendant's disciplinary policies to hold managers, supervisors and any employees who are responsible for human resources functions, accountable for failing to take appropriate action in response to sexual harassment or retaliation complaints;

13. Ensuring that Defendant creates, implements and maintains a centralized system of tracking sexual harassment or retaliation complaints; and

14. Ensuring that Defendant creates and maintains a complaint system that consists of a

1-800 hotline and email where discrimination and/or retaliation complaints can be made directly with the EEO Monitor in either English or Spanish, and will provide options for employees to report in-person, or by telephone to an established hotline, or by email. The complaints from in-person, telephone or email complaints shall be incorporated into the required reporting to the EEOC.

15. Ensuring that information about the complaint system is communicated to employees in both English and Spanish.

## IX.   TRAINING AND POLICIES

**A.**    On an annual basis for the term of this Consent Decree, Defendant will train its management personnel on Title VII's provisions prohibiting discrimination and retaliation. The training may also include information about other laws prohibiting discrimination in the workplace and about Defendant's equal employment opportunity policies. The training must be provided by a live, in-person trainer. The training and training materials must also be provided in Spanish if there are Spanish-speaking management personnel. An agenda for the training, training materials, and resumes relating to the presenters will be provided to the EEOC at least 30 days before each training session. The EEOC will have the opportunity to comment on the agenda and suggest changes in the presenters, the agenda and the materials until 15 days before each training. The first annual training shall total no less than two hours.  Each subsequent training shall total no less than two hours, which may be presented in a two-hour session, or as two one-hour training sessions. The EEOC shall be notified of the time and date of each scheduled training and be provided a list of who attended with signatures of the attendees.

**B.**    On an annual basis for the term of this Consent Decree, Defendant will train its non-management employees on their rights as employees to be free from discrimination under

Title VII, sexual harassment and retaliation. Such training shall advise employees of their right to file charges of discrimination with the EEOC and other fair employment practices agencies. The training will also include information about Defendant's internal complaint and investigation process, and the hotline for reporting complaints. The training and materials to non-management employees shall be conducted in English and Spanish. The training for non-management employees must be provided by a live, in-person trainer. An agenda for the training, training materials, and resumes relating to the presenters will be provided to the EEOC at least 30 days before each training session. The EEOC will have the opportunity to comment on the agenda and suggest changes to the presenters, agenda and materials until 15 days before each training.

C.    At the beginning of each training session held under this Decree, Defendant's owner will introduce the trainer and affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously and that there will be no retaliation against any employee for complaining about discrimination.

D.    Within 60 days of the Effective Date of this Decree, Defendant shall create and maintain a complaint system that consists of a 1-800 hotline and email where discrimination and/or retaliation complaints can be made directly with the EEO Monitor, with options for employees to report by telephone, email, and in-person. Defendant shall specifically inform all employees of the existence of the complaint system in Defendant's revised policies and during all trainings as provided under this Decree. The hotline will be available in English and Spanish.

E.    Within 60 days of the Effective Date of this Decree, Defendant shall review, revise, distribute and implement its policies and procedures against sexual harassment and retaliation prohibited under Title VII. All revised policies shall be in English and Spanish and include:

1. A clear explanation of prohibited conduct, including an explanation that sexual harassment and retaliation are prohibited;

2. Assurance that employees who make complaints of sexual harassment and/or retaliation or who provide information related to such complaints are protected against retaliation;

3. A clearly described complaint process for sexual harassment and/or retaliation that provides accessible ways for employees to make complaints, and that allows for complaints to be initiated verbally and in Spanish, although such complaints will be documented in writing and translated in English;

4. Assurance that Defendant will protect the confidentiality of sexual harassment and/or retaliation complaints to the extent possible, and that complaints will be only disclosed to individuals who need to know;

5. A complaint process that provides a prompt, thorough, and impartial investigation that will begin within five (5) days after a sexual harassment and/or retaliation complaint is made whether verbally or in writing;

6. An instruction that managers and supervisors shall report to Baumann's owners all sexual harassment and/or retaliation complaints that managers and supervisors are aware of, have witnessed, or received information about;

7. A disciplinary policy that holds managers and supervisors accountable for failing to take appropriate action in response to sexual harassment and/or retaliation complaints, or for engaging in sexual harassment and/or retaliation;

8. A procedure for communicating in writing with the complainant regarding the status of a sexual harassment and/or retaliation complaint, results of the investigation, and if

any remedial action was taken. Such written communication will be provided in English and Spanish;

9.  An instruction that Defendant will take prompt corrective, preventive and/or disciplinary action when it determines that sexual harassment and/or retaliation has occurred.

## X.   POSTING TO EMPLOYEES

**A.**    Defendant will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in all its facilities, in both Spanish and English. The posters shall also be posted in the common areas of all housing units at Baumann Farms.

**B.**    Defendant will post the Notice attached as **Exhibit A** at its facility in the Town of Wausau, WI. **Exhibit A** will be posted in locations where notices for employees are generally posted, as well as in common areas of housing units, and shall remain in place for the term of this Decree. Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## XI.   RECORDKEEPING AND REPORTING

**A.**    Defendant will comply with all recordkeeping obligations under the laws prohibiting discrimination as outlined in 29 C.F.R. § 1602. Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under Title VII.

**B.**    On an annual basis during the term of this Decree, Defendant shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies, revised any policies inconsistent with Title VII, and it has conducted the

11

training of its personnel as required by this Decree. After the first report to the EEOC, Defendant's subsequent annual reports shall document any further revisions or changes to its workplace policies and describe how such revisions are consistent with Title VII and this Consent Decree.

C.      During the term of this Consent Decree, Defendant shall document, collect, and maintain information to provide the EEOC with reports every six months, listing all complaints, written or verbal, of sexual harassment, national origin discrimination and/or retaliation made during that reporting period. Such information and reports shall include the following: (1) the date of the complaint; (2) the name of the complaining party; (3) the name and job title of the person who received the complaint; (4) a detailed description of the facts alleged by the complainant; (5) details of the investigation conducted by Defendant of the complaint; and (6) a description of what action, if any, Defendant took in response to the complaint. Upon the EEOC's request, Defendant shall make the underlying documents or records available to the EEOC within ten days of request.

## XII.   EEO COMPLIANCE AUDITS AND INTERVIEWS

The Internal Coordinator, with oversight by the EEO Monitor, shall conduct in-person annual unannounced audits at Baumann Farms which includes the farm, worksite and employee housing, to encourage employees to report sexual harassment and/or retaliation. The Internal Coordinator, with the EEO Monitor present, shall speak in-person with employees selected by the Coordinator and ensure compliance with policies prohibiting sexual harassment and retaliation. To ensure that the employees feel comfortable giving their input, the audits will be conducted outside the presence of managers and supervisors, without advance knowledge of the audit, and separated by gender. An annual report containing the results of the audit and employee

12

feedback shall be compiled by the Internal Coordinator and submitted to the EEO Monitor and the EEOC. Defendant shall work with the Internal Coordinator to correct any deficiencies or problems raised in the audit. The audit will seek the following information:

1. Whether there are issues of sexual harassment or retaliation at the farm, worksite or employee housing;

2. Whether the policies and procedures to report and investigate sexual harassment or retaliation are being followed by managers and supervisors;

3. Whether corrective, preventative or disciplinary measures are being carried out in response to sexual harassment or retaliation complaints by individuals identified to handle such complaints.

The Internal Coordinator shall conduct follow-up interviews to gather information on any claims of sexual harassment or retaliation identified through the audit. If the interviews indicate potential violations of Defendant's policies that prohibit sexual harassment or retaliation or violations of Title VII, the Internal Coordinator will further investigate the matter after consultation with the EEO Monitor and implement prompt and effective remedial actions.

## XIII.   MONETARY REMEDY

**A.**      Defendant agrees to pay a total of $180,812.50 to resolve this matter. Defendant will make the payments outlined in Exhibit C within fourteen (14) days after the Effective Date of the Consent Decree, or the execution of the Claimants' release, Exhibit B, whichever occurs later.

**B.**      Both Claimants' individual execution of a release, attached as **Exhibit B**, will be a condition precedent on their receipt of relief under this Decree.

**C.**      The Monetary Remedy Distribution for each Claimant is outlined in **Exhibit C**,

which is attached and will be filed with the Claimants' names redacted.

     **D.**    Defendant will provide each Claimant with appropriate income tax documentation. Defendant will provide the Claimants with a W-2 income tax form for the back pay. Defendant will make all appropriate withholdings and employer tax contributions applicable to the backpay amount. Defendant will provide the Claimants with a 1099 tax form reflecting the compensatory damages. Defendant is not required to withhold taxes on the compensatory damages.

     **E.**    Defendant will pay Lotus Legal Clinic attorney's fees.

     **F.**    Defendant will provide the EEOC with a copy of the checks and any related correspondence provided to the Claimants.

     **G.**    EEOC will provide to Defendant specific payment instructions as to where payments are to be sent and all necessary identifying information including social security numbers and federal tax identification numbers for each person or entity receiving payment.

## XIV. SUCCESSORS

The terms of this Consent Decree shall be binding upon the present and future owners, directors, officers, managers, agents, successors and assigns of Baumann Farms, LLP. Defendant and any successors of it shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

Prior to any merger with, acquisition by, or sale or other transfer of all or a substantial portion of Defendant's assets to any other person or entity, Defendant shall provide a copy of this Decree to such person or entity prior to such merger, acquisition, sale, or transfer. Defendant

shall provide to the EEOC fourteen (14) days' advance written notice of such merger, acquisition, sale, or transfer.

## XV.   DISPUTE RESOLUTION

The EEOC will give Defendant fifteen (15) days' notice of any alleged noncompliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined there is a need to seek immediate injunctive or other extraordinary relief.

## XVI.   COMPLIANCE REVIEW

The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least  ten (10) business days in advance of any inspection of Defendant's documents or premises, except that EEOC may visit the premises to determine compliance with the posting requirement without notice. Upon such occurrence, Defendant will allow EEOC representatives to review compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, and interviewing employees and management officials on its premises.

## XVII.  ADMINISTRATION COSTS OF THE CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree including but not limited to the costs associated with the EEO Monitor, Internal Coordinator, training and creation/revision of policies in both English and Spanish.

## XVIII.  COSTS AND ATTORNEYS FEES

The EEOC and Defendant shall each bear their own costs and attorney's fees.

**By the Court:**

**IT IS SO ORDERED.**

Dated: ___JUNE 8___, 2022

James D. Peterson
United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.

This 28th day of March 2022.   ATTORNEYS FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

Christopher Lage
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

*/s/ Gregory Gochanour*
Gregory Gochanour
Regional Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Email: greg.gochanour@eeoc.gov

*/s/ Deborah Hamilton*
Deborah Hamilton
Supervisory Trial Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Email: deborah.hamilton@eeoc.gov

*/s/ Tina Burnside*
Tina Burnside (WI #1026965)
Senior Trial Attorney
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 552-7319
Email: tina.burnside@eeoc.gov

*/s/ Leslie N. Carter*
Leslie N. Carter
Senior Trial Attorney
EEOC – Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500

Milwaukee, WI 53203
Telephone: (414) 662-3711
Email: leslie.carter@eeoc.gov


ATTORNEY FOR DEFENDANT
BAUMANN FARMS, LLP


*/s/ Matthew S. Mayer*
Matthew S. Mayer (WI #1001237)
500 Third Street, Suite 800
P.O. Box 479
Wausau, W 55402-0479
Telephone: (715) 845-8234
Email: mmayer@weldriley.com

**[Baumann Farms Letterhead]**

## EXHIBIT A

## NOTICE TO EMPLOYEES

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC filed suit against Baumann Farms, LLP., alleging that it discriminated against former employees by subjecting them to sexual harassment and terminating their employment for opposing the sexual harassment, and in retaliation for engaging in protected activity in violation of Title VII. The EEOC's lawsuit also alleged that Baumann Farms discriminated against a class of similarly situated female employees by subjecting them to sexual harassment. In addition, the lawsuit alleged that Baumann Farms has an English-only policy that discriminates against Spanish speaking employees based on national origin in violation of Title VII.

The Consent Decree resolving this lawsuit provides a monetary settlement. The Decree requires policy revisions, training for Defendant's personnel on federal laws prohibiting discrimination based on sexual harassment and retaliation, hiring of EEO external and internal monitors, and mandates regular reporting to the EEOC.

If you have a question about the Consent Decree, you should contact the Milwaukee office of the EEOC at (414) 662-3680. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.


_____
Owner
Baumann Farms, LLP.

**EXHIBIT B**

**RELEASE AND WAIVER**

In consideration for $_____ paid to me by Baumann Farms, LLP., in connection with the resolution of *EEOC v. Baumann Farms, LLP.*, Civ. No. 3:21-cv-00579-jdp, I waive the right to recover for any claims of sexual harassment, national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964 that were the subject of this EEOC lawsuit.

Date: _____    Signature: _____
                                                 Claimant

## EXHIBIT C

## MONETARY REMEDY DISTRIBUTION

**A.**　　Defendant agrees to pay a total of $180,812.50 to resolve this matter.

**B.**　　Defendant agrees to pay a total of $85,000.00 to **[NAME REDACTED]** in resolution of this matter. The settlement will be divided as follows: $27,000.00 for back pay; $9,000.00 for front pay; and $49,000.00 for compensatory damages.

**C.**　　Defendant agrees to pay a total of $85,000.00 to **[NAME REDACTED]** in resolution of this matter. The settlement will be divided as follows: $27,000.00 for back pay; $9,000.00 for front pay; and $49,000.00 for compensatory damages.

**D.**　　Defendant will pay Lotus Legal Clinic $10,812.50 for attorney's fees.